JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-12-04792-RGK (JEMx) | Date | February 26, 2013 |
|---|---|---|---|

| Title | UMANZOR v. EMPIRE COLLECTION AUTHORITIES, INC. |
|---|---|

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (not present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Default Judgment and Motion for Attorney's Fees and Costs (DE 14)**

### I. FACTUAL BACKGROUND

On June 1, 2012, Plaintiff Beatriz Umanzor ("Plaintiff") filed a complaint against Defendant Empire Collection Authorities, Inc. ("Defendant") for damages under the Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), and the Telephone Consumer Protection Act ("TCPA"). To date, Defendant has not appeared in this action. Upon Plaintiff's request, the Clerk of the Court entered Default against Defendant on August 13, 2012. (DE 11.)

Presently before the Court is Plaintiff's Motion for Default Judgment and Motion for Attorneys' Fees and Costs. Plaintiff seeks for judgment as follows: (1) statutory damages of $7,500.00 (2) attorneys' fees of $4,550.00, and costs of $537.85. For the following reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment, but reduces the amount of statutory damages. The Court also **GRANTS** Plaintiff's Motion for Attorneys' Fees and Costs.

### II. JUDICIAL STANDARD

Rule 55(a) allows entry of default when a party has failed to plead or otherwise defend a case. Fed. R. Civ. P. 55(a). Rule 55(b)(2) requires that an applicant apply for default judgment in all cases in which the requirements for clerk entered judgment cannot be met. Fed R. Civ. P. 55(b)(2). Thus, an applicant must apply for a court-ordered default judgment when (1) the claim is for an amount that is either uncertain or incapable of being made certain by computation, (2) the defendant, although in default, has appeared in the action, (3) the defendant is a minor or incompetent, or (4) the defendant is in the military service or is the United States. *Id.*

Pursuant to Local Rule of Practice for the Central District of California 55-1, an application for default judgment shall include the following: (1) when and against what party the default was entered, (2) the identification of the pleading to which the default was entered, (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative, (4) that the Service Members' Civil Relief Act does not apply, and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2). C.D. Cal. R. 55-1.

## III.   DISCUSSION

### A.   Default Judgment is Warranted

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55-1. The Court makes the following findings:

1. Plaintiff served Defendant with the Complaint on June 14, 2012;
2. Defendant failed to file an Answer;
3. The Clerk of the Court entered Default against Defendant on August 13, 2012;
4. Defendant did not make any appearances;
5. Plaintiff mailed notice of the Motions for Default Judgment and for Attorneys' Fees and Costs to Defendant;
6. Defendant is a corporation, and therefore Defendant is not a minor or incompetent and the Service Members Civil Relief Act does not apply; and
7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### B.   Plaintiff's Factual Allegations are Deemed Admitted

For purposes of default, the well-pleaded allegations of a complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). If the court determines that the defendant is in default, the defendant's liability is conclusively established and the factual allegations, except those relating to damages, are accepted as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Given that the Court finds the Defendant in default, the factual allegations in Plaintiff's Complaint are deemed admitted as follows:

1. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), who incurred a consumer debt (the "Debt") primarily for personal, family or household purposes.
2. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). The Debt in question qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5).
3. Defendant was either referred and/or assigned the Debt for collection.
4. Plaintiff filed this claim within the time frame permitted under the FDCPA.
5. From March-April 2012, Defendant engaged in a series of unauthorized telephone communications with Plaintiff in an attempt to collect the Debt.
6. In its communications, Defendant failed to disclose that the telephone calls were from a debt collector.
7. In its communications, Defendant spoke to Plaintiff or left messages in a manner that lacked disclosures or was such that Plaintiff could not determine the caller's identity.
8. In some of its communications, Defendant did not leave a voicemail message.
9. Around March 27, 2012, Defendant telephoned Plaintiff, informing her that she owed "$1,146 plus legal fees." Defendant did not identity itself as debt collector, but its agent identified himself as "Gary Allen from ECA."

10. Around March 28, 2012, Defendant telephoned Plaintiff approximately six times in a five hour window to collect the Debt. During some of these calls, Defendant communicated to Plaintiff that her file was being sent to the legal department, and that the Debt was due in four days. Defendant also gave Plaintiff inconsistent messages about her debt obligations and settlement options. In one conversation, Defendant's agent, Gary Allen, informed her that she could settle the Debt for a one-time payment of $700, which was inconsistent with Plaintiff's conversation with Defendant's other agent.
11. Throughout April 2012, Defendant continued to call Plaintiff repeatedly to collect the Debt. During some calls, Defendant let the telephone ring repeatedly. Other times, Defendant's agent would leave a message stating that Defendant needed to speak with Plaintiff's attorney immediately or that Defendant's agent was calling on behalf of Defendant's legal department.
12. Defendant also made several dunning telephone calls to Plaintiff's cellular phone using an automated telephone dialing system and/or a pre-recorded or artifical voice.
13. Plaintiff did not expressly consent to Defendant's placement of the dunning calls.
14. None of Defendant's dunning telephone calls placed to Plaintiff's cellular phone were for emergency purposes as specified in 47 U.S.C. § 227(b)(1)(A).
15. Plaintiff was charged for the phone calls made by Defendant.

**C.** **Plaintiff is Entitled to Default Judgment**

1. *Plaintiff Has Established a Claim Under the FDCPA*

The FDCPA prohibits a debt collector from: making misrepresentations during communications in furtherance of debt collection. 15 U.S.C. § 1692e. Section 1692e prohibits debt collectors from (i) failing to disclose that the communication is from a debt collector or (ii) threatening legal action that is not intended or not capable of being taken. 15 U.S.C. §§ 1692e(5), 1692(e)(11). Section 1692d also provides that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d specifically prohibits debt collectors from calling a debtor and causing their phone to ring repeatedly and continuously with intent to annoy, abuse, or harass the debtor at the called number, as well as placing several phone calls to an individual without giving meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(5)-(6).

Based on the facts deem admitted, Plaintiff has successfully alleged violations of several FDCPA provisions. Defendant engaged in a series of unauthorized telephone calls throughout March to April 2012 that violated 15 U.S.C. § 1692d and § 1692e. Defendant made misrepresentations and engaged in deceptive or harassing communications in order to collect the Debt.

2. *Plaintiff Has Established a Claim for Violation of the Rosenthal Act*

The Rosenthal Act prohibits a debt collector from making any false, deceptive, or misleading representations in connection with the collection of any debt. Cal. Civ. Code § 1788.10(b). Based on the facts deemed admitted, Defendant made misrepresentations to Plaintiff by threatening to take legal action that is not intended. Also, Defendant communicated with Plaintiff in such a manner that was deceptive and misleading regarding Defendant's identity, as well as the status of the Debt.

3. *Plaintiff Has Established a Claim for Violation of the Telephone Consumer Protection Act*

The TCPA prohibits the use of automated telephone dialing systems to a cell phone without express prior consent. *Meyer v. Portfolio Recovery Associates,* — F.3d —, *LLC*, 11-56600, 2012 WL

6720599 (9th Cir. Dec. 28, 2012) (citing 47 U.S.C. § 227b(1)(A)(iii)). Based on the facts deem admitted, Plaintiff has established that Defendant violated the TCPA by calling Plaintiff's cellular phone using an automated telephone dialing system without Plaintiff's express consent in order to collect the Debt.

### D.  Plaintiff's Relief

#### 1.  *Statutory Damages*

##### i.  *FDCPA Statutory Damages*

Plaintiff requests statutory damages in the amount of $1,000 for Defendant's violation of the FDCPA. Section 1692k of the Act provides for statutory damages up to $1,000 for violations of the FDCPA. 15 U.S.C. § 1692k. Based on Plaintiff's allegations, the Court finds that $1,000 in statutory damages is proper.

##### ii.  *RFDCPA Statutory Damages*

Plaintiff requests statutory damages in the amount of $1,000 for Defendant's violation of the Rosenthal Act. California Civil Code § 1788.30(b) provides that: "[a]ny debt collector who willfully and knowingly violates this title with respect to any debtor shall . . . also be liable to the debtor . . . in such amount as the court may allow . . . which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000). Cal. Civ. Code § 1788.30(b). Based on Plaintiff's allegations, the Court finds that $1,000 in statutory damages is proper.

##### iii.  *TCPA Statutory Damages*

Plaintiff requests statutory damages in the amount of $5,500 under the TCPA. Pursuant to 47 U.S.C. 227(b)(3), a plaintiff is entitled to actual monetary loss or $500 in statutory damages for each call that violated the TCPA. *Id.*; *Charvat v. GVN Michigan, Inc.*, 531 F. Supp. 2d 922, 928 (S.D. Ohio 2008) *aff'd,* 561 F.3d 623 (6th Cir. 2009). In this Motion, Plaintiff contends that she received at least 11 calls from an automated telephone system without her consent and thus, she is entitled to $5,500. (Mtn for Default J. 7.) However, in the Complaint, Plaintiff does not allege that she was called at least 11 times, she only alleges that she was called several times. (Compl. 9.) Further, Plaintiff provides no evidence in the present Motion to support the fact that she was called at least 11 times. Plaintiff only provides support that Defendant used an automated telephone system to call her more than once, but it cannot be determined from the record that she received more than two calls. Accordingly, the Court finds that Plaintiff is only entitled to $1,000 in statutory damages.

#### 2.  *Plaintiff is Entitled to Attorneys' Fees and Costs*

When a plaintiff is successful under the FDCPA, the statutory language mandates an award of reasonable attorney fees and costs. *Camacho v. Bridgeport Fin.*, Inc., 523 F.3d 973 (9th Cir. 2008). The FDCPA mandate is "a means of fulfilling Congress' intent that the [FDCPA] Act should be enforced by debtors acting as private attorney generals." *Id.* at 978. The Supreme Court explained that the most useful starting point for determining attorney's fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Plaintiff's attorney expended 14 hours during the course of this action at a rate of $325/hour.

The amount of hours and hourly rate are reasonable. Thus, the Court awards Plaintiff $4,550 is attorneys' fees. The Court also awards Plaintiff costs in an amount to be determined by application to

the Clerk of the Court.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment, however, reduces statutory damages to $3,000.

The Court also **GRANTS** Motion for Attorneys' Fees and Costs. Plaintiff is awarded $4,550. The Court also awards Plaintiff costs in an amount to be determined by application to the Clerk of the Court.

**IT IS SO ORDERED.**

           : 

Initials of Preparer